(89 App. Div. 195.)

### PEYSER v. LUND.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. LIVERY STABLE KEEPERS—CONTRACT—BREACH—DAMAGES—NEGLIGENCE OF
   BAILOR.
   The keeper of a boarding stable contracted to board plaintiff's horses
   and to·provide storage at night for the plaintiff's trucks, and in viola-
   tion of the contract refused to receive one of the trucks into his stable,
   whereupon the driver of the truck left it, with its load, for some hours,
   unguarded in the street, during which time a case of goods was stolen
   therefrom. Held, that plaintiff could not recover from the keeper, in an
   action for breach of contract, for such loss, it not being the natural con-
   sequence of the breach, and avoidable by ordinary care on plaintiff's part.

2. VALUE—PROOF—SUFFICIENCY.·
   Proof that plaintiff paid a certain sum to the owners for loss of goods
   stolen while in plaintiff's possession is not proof of the value thereof.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Nathan Peyser against one Lund, sued by the fictitious
name of John.. From a judgment for plaintiff, defendant appeals.
Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

I. Henry Harris (Leon Kronfeld, on the brief), for appellant.
Morris Kamber, for respondent.

WILLARD BARTLETT, J. The plaintiff was engaged in truck-
ing for a firm of dealers in clothing. The defendant was the keeper
of a boarding stable. The parties entered into a contract whereby
the defendant undertook to board plaintiff's horses and to provide
storage at night in his stable for the plaintiff's trucks at $20 a month
for each horse and truck and $3 a month for the storage of such
trucks as were without horses. At the time of entering into this agree-
ment the defendant said that he would be responsible for all the plain-
tiff's goods that went into his stable on the trucks. The plaintiff al-
leged that the defendant broke the contract by refusing to receive
into the stable one of his loaded trucks when driven there one evening
by his servants. Thereupon the driver left the truck, with its load,
for some hours, unguarded in the street, and during this period a
case of clothing was stolen from it. In the present action the plaintiff
sought to charge the defendant with the value of the goods thus

lost as damages occasioned by his breach of contract. The defendant sought to justify his refusal to admit the truck into his stable upon the ground that there had been a prior modification of the original contract, so that he was no longer obligated to receive a loaded truck, such as this was, for storage at night. The plaintiff, on the other hand, insists that there was no such modification; and I think that the testimony fully warranted a finding in his favor upon this question, and that it should be assumed in determining the present appeal that the defendant, by excluding the plaintiff's loaded truck from which the case of goods was stolen, broke his contract with the plaintiff, and is liable for such damages as naturally and directly flowed from such breach.

It seems to me quite clear, however, that the loss of the goods by theft cannot properly be considered an item of damage for which the defendant is responsible. The damages recoverable upon the breach of a contract are such only as follow naturally and directly from the violation of the agreement, and do not include those which could have been prevented by the exercise of reasonable care by the injured party. "If such damages are enhanced by his negligence or willfulness, the increased loss justly falls on him." Milton v. Hudson River Steamboat Co., 37 N. Y. 210, 214. "The law, for wise reasons," said Selden, J., in Hamilton v. McPherson, 28 N. Y. 72, 76, 84 Am. Dec. 330, "imposes upon a party subjected to injury from a breach of contract the active duty of making reasonable exertions to render the injury as light as possible." In the case at bar the plaintiff's driver, being excluded from the defendant's stable, could properly have taken his truck elsewhere to obtain the necessary safety and shelter, and the defendant would have been legally chargeable with the reasonable expense incurred by the plaintiff for this purpose; or, if no similar accommodations were obtainable, the defendant might probably be chargeable as damages with the cost of providing a watchman for the truck during the night. But the plaintiff, although justly aggrieved by the defendant's breach of contract in refusing to receive his property as bailee, could not leave it at night unprotected in the public streets, and hold the defendant responsible for its loss by theft. It is evident that very ordinary care on the part of the plaintiff's servants in charge of the truck would have averted this loss, and the law does not permit the consequences of their failure to exercise such care to fall upon the defendant. It follows that the judgment, which is based chiefly on this item of damage, cannot be allowed to stand.

It should also be noted that there was no competent proof of the value of the stolen case of goods, even if that were a proper measure of damages. The contents are stated to have been pants belonging to a firm to whom the plaintiff paid $106 on account of the loss. But this payment was no proof of the actual value, and the case contains no other evidence on the subject.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.